## (October 6, 1976)

■ In the Matter of VIVIAN ADDISON et al., Appellants, v WESTCHESTER COUNTY BOARD OF ELECTIONS et al., Respondents.—In a proceeding *inter alia* to (1) declare that the term of office of the Acting Mayor of the City of Mount Vernon does not expire until January 1, 1978 and (2) enjoin the holding of an election for the public office of Mayor of the City of Mount Vernon on November 2, 1976, the appeal is from an order of the Supreme Court, Westchester County, dated September 13, 1976, which, *inter alia,* declared that the election for such public office "must be held this year". Order affirmed, without costs or disbursements, upon the decision of Mr. Justice Ferraro. We would also note that section 8 of article XIII of the New York State Constitution excepts elections to fill vacancies from its mandate that city officers be elected in odd-numbered years. Margett, Acting P. J., Rabin, Shapiro and Titone, JJ., concur.

■ In the Matter of FRANCIS A. NICOLAI, Petitioner, and EDWARD F. X. RYAN, JR., Appellant, v ALBERT T. HAYDUK et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.—In a proceeding to invalidate petitions designating respondents Richard O. Reyes, William H. Schwarz and Oscar Radin as candidates of the Liberal Party in the general election to be held on November 2, 1976 for the public offices of Sheriff of Westchester County, County Clerk of Westchester County and State Assemblyman from the 91st Assembly District, respectively, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 13, 1976, which dismissed the petition as against each of the above-mentioned respondents and directed the Board of Elections to place their names on the ballot. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Burchell. Gulotta, P. J., Hopkins, Martuscello, Latham and Damiani, JJ., concur.

## (October 12, 1976)

■ BILL WOLF PETROLEUM CORP. et al., Respondents, v CHOCK FULL OF POWER GASOLINE CORP. et al., Appellants.—In an action *inter alia* to declare that a certain agreement is valid and subsisting, defendants appeal from an order of the Supreme Court, Nassau County, dated March 11, 1976, which denied their respective motions for summary judgment and for dismissal of the complaint. Order affirmed, with one bill of $50 costs and disbursements against defendants jointly (see *Abramoff v Federal Ins. Co.,* 48 AD2d 676; *Powell v Trans-Auto Systems,* 32 AD2d 650). Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.